**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

VALCRUM, LLC,

     Plaintiff,

       v.

DEXTER AXLE COMPANY, LLC,

     Defendant.

CASE NO. 3:24-CV-190-DRL-SJF

**OPINION and ORDER**

Plaintiff has filed several motions pending before the Court. On April 14, 2026, Plaintiff filed its Motion to Compel Discovery Production [DE 38], along with a corresponding Motion to File Under Seal [DE 37]. After receiving an extension from the Court, on May 5, 2026, Defendant timely filed its Response Opposing Valcrum's Motion to Seal and Motion to Compel Production. [DE 41]. On May 12, 2026, Plaintiff timely filed its Reply[1]. [DE 42]. Accordingly, Plaintiff's motions are ripe for ruling.

On June 1, 2026, Plaintiff also filed a Motion for Extension on Deadline for Expert Reports. [DE 43]. In its motion, Plaintiff requests that the Court extend certain deadlines found in its Rule 16(b) Scheduling Order in the event that the Court grants Plaintiff's

---

[1] Plaintiff's reply brief is 19 pages in length, exceeding the permitted page limit found in Northern District of Indiana Local Rule 7-1(e)(1). [*See* DE 42]. Plaintiff does not provide any, let alone extraordinary or compelling, reasons as to why 15 pages is not sufficient for Plaintiff to present its arguments to the Court. N.D. Ind. L.R. 7-1(e)(2). Ordinarily, a brief that exceeds these page limits is stricken. *See A. Traveler v. CSX Transp., Inc.*, Case No. 1:06-CV-56, 2006 WL 3775977, at *2 (N.D. Ind. Dec. 20, 2006). Here however, the additional 4 pages in length are not so gross a violation as to warrant striking Plaintiff's reply brief. Further, Defendant has not objected to the excessive length. Accordingly, the Court will consider the arguments found in the additional pages of Plaintiff's reply brief.

motion to compel. Defendant timely responded in opposition. [DE 44]. Plaintiff's

motion became ripe when Plaintiff timely replied on June 22, 2026. [DE 45].

Plaintiff's motion to compel and motion to seal are granted in part and denied in

part. Plaintiff's motion for an extension is granted.

## I.    RELEVANT BACKGROUND

This primarily trademark and trade-dress dispute revolves around a certain

hubcap Plaintiff designed and built for medium-duty trailer axles. [DE at 3-7, ¶¶ 1-26].

Plaintiff alleges that Defendant's hubcap copies the red color and hexagonal shape that

originated with Plaintiff's product. [*Id.*]. According to Plaintiff, Defendant began

copying its product design shortly after Plaintiff terminated a supply agreement

between the parties. [*Id.* at 12-15, ¶¶ 44-45, ¶ 56].

Plaintiff's motion to compel brings two discovery disputes that the parties have

been unable to resolve concerning electronic communication between Defendant's

employees through Microsoft Teams ("Teams") and the Rule 30(b)(6) deposition.

In particular, Plaintiff seeks additional messages sourced from Defendant's Teams chats

as reflected in Plaintiff's requests for production. Defendant originally produced some

messages from Teams on a rolling basis between mid-January and early December of

2025 in response to Plaintiff's September 24, 2024, First Requests for Production. Copies

of individual Teams messages were peppered throughout volumes 1-10 of Defendant's

document production. Plaintiff once again requested Teams messages, *inter alia*, in its

October 31, 2025, Second Requests for Production. Then, on January 10, 2026, in volume

11 of its document production, Defendant produced additional Teams chats in a new

format that combined previously disparate messages into conversations that were organized chronologically into single conversational threads. Defendant's supplemental production, which Plaintiff contends contained new Teams correspondence in addition to what Defendant already produced, led Plaintiff to issue its Third Requests for Production on February 6, 2026. Plaintiff's Third Requests for Production requested the entirety of the Teams conversations that were previously produced in volumes 1-10 and unredacted Teams conversations found in volume 11 of Defendant's production, which were identified in part by Bates ranges from Defendant's earlier production. Plaintiff later amended some of these requests in its February 26, 2026, correspondence to address an overlap of Bates ranges found in RFPs Nos. 112 and 113.

The history of the parties' correspondence regarding Plaintiff's requests for production related to these Teams messages is lengthy. It began on January 7, 2025, when Plaintiff's counsel contacted Defendant's counsel after receiving no documents responsive to its September 26, 2024, First Requests for Production. Defendant began providing volumes of documents on January 14, 2025, and then intermittently until June 9, 2025. The parties then communicated via email and phone conference about various Teams messages on December 17, 2025, and then again several times in January and February 2026. The parties' last correspondence was on March 9, 2026, when Defendant's counsel sent objections to Plaintiff's Third Requests for Production. Defendant's final document production occurred on March 23, 2026.

In contrast, the parties' correspondence regarding Plaintiff's Federal Rule 30(b)(6) deposition notice and related topics is short. Plaintiff first sent out its deposition

3

notice seeking testimony from Defendant's Rule 30(b)(6) representative(s), on December 2, 2025. On February 16, 2026, via email, Defendant's counsel provided objections and proposed limitations to the scope of the deposition topics in Plaintiff's Rule 30(b)(6) notice. Plaintiff provided its responses via email on February 26, 2026, which largely stated that the deposition topics were specific and ascertainable from context. Plaintiff also expressed confusion based on Defendant's use of the term "targeted report" which Defendant did not further define in its March 9, 2026, email to Plaintiff. Defendant offered to meet and confer, but it does not appear that the parties did so. Based on a review of the relevant filings, it does not appear that the parties corresponded further in order to resolve this dispute.

## II. LEGAL STANDARD

The Court has broad discretion in discovery matters, including ruling on motions to compel. *See Packman v. Chi. Tribune Co.*, 267 F.3d 628, 646-47 (7th Cir. 2001). The Federal Rules of Civil Procedure oblige the Court "to supervise and limit discovery when it feels the discovery is cumulative, unnecessary, designed to annoy or harass, excessively expensive, or only marginally important." *Pistolis v. Ameren*, Case Nos. 3:19-CV-001185-MAB, 3:19-CV-001182-MAB, 2022 WL 2159291, at *4 (S.D. Ill. June 15, 2022) (citing *Mr. Frank, Inc. v. Waste Mgmt., Inc.*, No 80 C 3498, 1983 WL 1859, at *1 (N.D. Ill. July 7, 1983)). In that context, district courts have broad powers to manage discovery in their cases. *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002); *see also* Fed. R. Civ. P. 26(b)(2)(C)(iii); *Sattar v. Motorola, Inc.*, 138 F.3d 1164, 1171 (7th Cir. 1998).

The scope of discovery is outlined in Fed. R. Civ. P. 26(b)(1), which provides that, "[u]less otherwise limited by court order":

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

*Id.* Relevancy is broadly construed to encompass "any matter that bears upon, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Herx v. Diocese of Fort Wayne-South Bend Inc.*, Case No. 1:12–CV–122, 2013 WL 5531376, at *1 (N.D. Ind. Oct. 7, 2013) (internal quotations omitted). However, courts are authorized to limit discovery to only that which is warranted by the circumstances of each case in order to hedge against the potential for discovery abuse. *Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 424 (Fed. Cir. 1993).

To reiterate, the Court is afforded "significant discretion in ruling on a motion to compel." *Gile v. United Airlines, Inc.*, 95 F.3d 492, 495-96 (7th Cir. 1996). It may grant the relief sought in whole or in part, or otherwise "fashion a ruling appropriate for the circumstances of the case." *Id*. at 496 (citing to Fed. R. Civ. P. 37(a)(4)(B), (C)). Indeed, it behooves this Court to "independently determine the proper course of discovery based upon the arguments of the parties." *Id.* (citing *Spears v. City of Indianapolis*, 74 F.3d 153, 158 (7th Cir. 1996)).

The Court, under its broad discretion, considers "the totality of the circumstances, weighing the value of material sought against the burden of providing

it, and taking into account society's interest in furthering the truth-seeking function in the particular case before the court." *Berning v. UAW Local 2209,* 242 F.R.D. 510, 512 (N.D. Ind. 2007) (examining *Patterson,* 281 F.3d at 681) (internal quotations and citations omitted).

### III.   ANALYSIS

#### a.  Meet and Confer Requirement

Before turning to the merits of Plaintiff's motion, the Court addresses the issues it observes with Plaintiff's certificate of conferral.

To date, Plaintiff has not followed the predicate requirement of filling a separate certification of conferral in conjunction with its discovery motion. Northern District of Indiana Local Rule 37-1 requires that parties filing a discovery motion include a separate certification that specifies that the parties have conferred or attempted to confer "in an effort to resolve the matter raised in the motion without court action." N.D. Ind. L.R. 37-1(a). The Court may deny any motion if the required certification is not filed. N.D. Ind. L.R. 37-1(b). Plaintiff filed a certification, erroneously citing the Indiana Trial Rules[2] as an exhibit to its motion to compel. [DE 38-2]. Therefore, Plaintiff has not complied with Local Rule 37-1.

Further, the duty to meet and confer prior to bringing a motion to compel is not a perfunctory requirement to be brushed off with a canned statement accompanying one's discovery motion. *See Robinson v. Potter,* 453 F.3d 990, 994-95 (8th Cir.

---

[2] Plaintiff cites to the Indiana Trial Rules in error on several occasions when a citation to the Federal Rules of Civil Procedure is appropriate.

2006) ("Before the court can rule on a motion, the parties must demonstrate they acted in good faith to resolve the issue among themselves.") (citing *Naviant Mktg. Solutions, Inc. v. Larry Tucker, Inc.*, 339 F.3d 180, 186 (3rd Cir. 2003).

The meet and confer requirement in Local Rule 37-1 encompasses "every motion concerning discovery." *See Imbody v. C & R Plating Corp.*, 2010 WL 3184392, Cause No. 1:08–CV–218, at 1 (N. D. Ind. Aug. 10, 2010). Accordingly, all motions to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1).  Local Rule 37-1 supplements Rule 37(a)(1)'s requirement. *Axis Ins. Co. v. Am. Specialty Ins. & Risk Services, Inc.*, Case No. 1:19-cv-00165-DRL-SLC, 2022 WL 21697161, at *11 (N.D. Ind. April 28, 2022). A motion to compel that fails to include the required certification risks being denied. *See* N.D. Ind. L.R. 37-1(b). That being said, "[c]ourts have broad discretion in determining whether the moving party has satisfied the meet-and-confer component of Rule 37(a)(1) and Local Rule 37.1.[3]" *Axis Ins. Co.*, 2022 WL 21697161, at *11 (quoting *Sowell v. Dominguez*, No. 2:09 CV 47, 2011 WL 4496505, at *3 (N.D. Ind. Sept. 27, 2011).

However, the court has discretion to excuse procedural shortcomings if the movant somewhat complied with the purpose of Rule 37(a)(1) and Local Rule 37-1 or if

---

[3] Northern District of Indiana Local Rule 37.1 was restyled as Local Rule 37-1 when the Local Rules were revised on January 1, 2012. *See* Northern District of Indiana, Local Rules, https://www.innd.uscourts.gov/court-info/local-rules-and-orders.

there is little doubt that the mandating compliance would simply delay the resolution of the parties' dispute. *Payne Jr. v. Indiana Department of Corrections*, Case No. 3:23-CV-0090-CCB-SJF, 2025 WL 1732843, at *3 (N.D. Ind. June 23, 2025); *Washington v. Tovo*, No. 2:17-CV-128, 2018 WL 2126941, at *2 (N.D. Ind. May 9, 2018).

Here, Plaintiff has detailed the efforts the parties have taken in order to resolve their dispute concerning document production. Further, Defendant's refusal to provide any supplemental documents based on the current deadlines found in the amended Rule 16(b) Scheduling Order indicates that the parties' dispute is unlikely to be resolved without Court intervention. Accordingly, Plaintiff's failure to file a separate Local Rule 37-1 Certification regarding its motion to compel as to Defendant's current document production is excused.

While the Court has discretion to excuse procedural shortcomings like with the parties' protracted dispute as to the appropriate scope of discovery production of the Teams chats at issue in Plaintiff's motion to compel, *see, e.g. Washington*, 2018 WL 2126941 at *2, "failure to comply with the meet and confer obligations of Rule 37 can show a motion to compel lacks substantial justification." *Huizar*, 2025 WL 830540 at *6 (citing *Technomatic S.p.A. v. Remry, Inc.*, No. 1:11-cv-991-SEM-MJD, 2013 WL 6665531, at *2 (S.D. Ind. Dec 17, 2013).

Here, the parties' correspondence related to Plaintiff's Rule 30(b)(6) deposition notice merely recited their stances on the appropriateness of Plaintiff's proposed deposition topics and does not represent a good faith attempt to resolve the parties' dispute. Therefore, the Plaintiff is not substantially justified in bringing its motion to

8

compel a Rule 30(b)(6) deposition at this time. *Scott*, 2007 WL 9773389 at *2. The parties have not endeavored in good faith to resolve the issues regarding the scope of the deposition topics and the meaning of the terms the parties use before they ask the Court to take on those tasks on their behalf.

Accordingly, Plaintiff's motion to compel is denied as to its request to compel Defendant's Rule 30(b)(6) deposition. The Court has excused Plaintiff's procedural failure to file a separate Local Rule 37-1 certification regarding its motion to compel Defendant to produce full Teams chats in response to Plaintiff's discovery production. The Court reviews the timeliness and merits of Plaintiff's motion to compel this production *infra*.

### b. Motion to Compel Discovery Production [DE 38]

#### i. Timeliness

In addition to arguing that Plaintiff's motion to compel is without merit, Defendant also argues that its motion is untimely. Defendant argues that it is proper to deny Plaintiff's motion based on this delay. In particular, Defendant notes that its electronic document production was largely complete by June 2025, and that the delay Plaintiff experienced in receiving supplemental Teams messages was due to its delay in issuing a second and third set of production requests.

Defendant's argument improperly shifts the burden onto Plaintiff for requesting supplemental discovery material while ignoring its own duty to supplement discovery production. Rule 26(e) imposes a duty to supplement on a responding party in a timely manner once the party learns of additional responsive material. Fed. R. Civ. P. 26(e)(1)

Specifically, a party who has responded to a request for production must supplement or correct its disclosure or response "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]" Fed. R. Civ. P. 26(e)(1)(A). This duty does not cease with the passage of a discovery deadline. *United States v. Dish Network, LLC*, Case No., 2016 WL 29244, at *6 (C.D. Ill. Jan. 4, 2016) (collecting cases). Defendant's burden to supplement is also presumably small based on its contention that the universe of documents related to this case was largely complete by January 2025. Defendant did not cease providing responsive document production until March 23, 2026, less than a month before Plaintiff's motion was filed on April 14, 2026.

Further, to the extent that Defendant argues that Plaintiff was required to ask for supplemental discovery production, the Court disagrees. "The duty to supplement is automatic, and Plaintiffs were not obligated to make supplemental discovery requests." *Id.* at *7 (citing *Gonzalez v. Rodgers*, No. 2:09-CV-225-JTM-PRC, 2011 WL 5040673, at *7 (N.D. Ind. Oct. 24, 2011)). Therefore, Plaintiff's relative delay in issuing its supplemental requests for production cannot be construed against it where Plaintiff was following up on missing discovery production by narrowing earlier requests to accommodate Defendant.

Here, the amended close of fact discovery was April 30, 2026, the non-dispositive motion deadline of August 31, 2026, has not yet passed, and the close of all discovery is

set for September 28, 2026. [DE 36]. In this context, Plaintiff's delay in bringing its motion to compel on April 14, 2026, is excused.

Defendant also argues that Plaintiff's delay in issuing its Third Requests for Production justifies denial of Plaintiff's motion to compel. "As the 1983 Advisory Committee note explains, among the aims of Rule 16 is the prevention of parties from delaying or procrastinating and to keep the case 'moving toward trial.'" *Vann-Foreman v. Ill. Cent. R.R. Co.*, No. 19 C 8069, 2020 WL 7385451, at *2 (N.D. Ill. Dec. 16, 2020) (quoting *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011)). Generally, waiting until the last moment is not diligent. *Farzana K. v. Indiana Dept. of Ed.*, 473 F.3d 703, 705 (7th Cir. 2007). Plaintiff issued its requests for production on February 6, 2026, well before fact discovery was set to close. Plaintiff's delay in issuing written discovery is well within the diligence contemplated by the Seventh Circuit in *Farzana K. See id.* ("Nothing prevented plaintiff's lawyer from acting a day or a week earlier, so that counsel could recover from any gaffe."). Therefore, the date of when Plaintiff served these requests does not justify denial of its motion.

### ii. Merits

Plaintiff requests that the Court compel Defendant to produce the entirety of Teams messages for this litigation and to organize those Teams conversations into threads that provide the missing context from when the messages were produced as stored in the ordinary course of business. Plaintiff also seeks the full unredacted threads of Teams conversations Defendant has already produced.

11

In response to a motion for an order to compel disclosure or discovery, a court may order disclosure of information when it determines the original answer or production is "evasive or incomplete." Fed. R. Civ. P. 37(a)(4). If the Court believes that a party's failure to disclose information is substantially justified or is harmless, the Court may deny a motion to compel. Fed. R. Civ. P. 37(c)(1).

Fed. R. Civ. P. 34(a), in the relevant part, allows a party to request the production of documents that "constitute or contain matters within the scope of Rule 26(b)." Given the broad scope of Rule 26(b), it is not surprising that the party resisting discovery bears the burden of showing why a production request is improper. *See* Rule 34(b); *Gile,* 95 F.3d at 495. Further, Federal Rule of Civil Procedure 34(b)(2)(E) governs the production of documents of electronically stored information ("ESI") like Teams messages. Under Rule 34(b)(2)(E):

> **(i**) A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request;
>
> **(ii)** If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and
>
> **(iii)** A party need not produce the same electronically stored information in more than one form.

Fed. R. Civ. P. 34(b)(2)(E).

Plaintiff brings its motion in order to compel Defendant to produce the entirety of the Teams messages it has so far partially withheld. Plaintiff argues that the incomplete Teams messages have prejudiced depositions of key witnesses and threaten

to further undermine the utility of further depositions. In support of its argument, Plaintiff points to the depositions of three witnesses that have taken place: Mark Nave, Eric Schuh, and Stacey Miller. Plaintiff contends that it was harmed by only having the context-free Teams messages during these depositions, instead of what Defendant later provided in volume 11. Plaintiff further contends that the conversations that were provided in volume 11 cannot be fully understood, because Defendant has so heavily redacted them. Plaintiff also argues that the dearth of Teams messages Defendant has produced is the result of a fundamentally flawed search methodology, because the production failed to include relevant messages that Plaintiff argues fall into Defendant's own search criteria.

Defendant argues that its search methodology was proper and describes the collection and identification efforts it undertook in obtaining and classifying discovery. Defendant also contends that it produced relevant Teams messages as they were kept in the usual course of business and that it was not required to produce them in complete chronological order. Defendant further argues that the supplemental visual thread renderings of certain responsive Teams conversations were produced to Plaintiff as a courtesy and should not be construed as a corrective admission.

"Some courts have held that ESI productions are governed exclusively by subsection (ii) while subsection (i) applies solely to hard-copy productions." *ExactLogix, Inc. v. JobProgress LLC,* No. 18 CV 50213, 2020 WL 13220038, at *2 (N.D. Ill. Apr. 7, 2020) (collecting cases). Other courts hold that "that even if ESI is reasonably searchable, a party must still comply with subsection (i) and either produce the material as it is kept

13

in the usual course of business or organize and produce the materials to correspond to the production request." *Id.* "[U]nder either approach, Defendant is not required to organize and label responsive ESI documents previously produced." *Id.* However, in order for Defendant to show that it produced documents as they were kept in the ordinary course of business Defendant "must also show the way in which the documents were produced did not change from how they were kept in the usual course of business." *Excel Enters., LLC v. Winona PVD Coatings, LLC*, Cause No. 3:16-cv-19-WCL-MGG, 2017 WL 655861, at *4 (N.D. Ind. Feb. 17, 2017) (citing *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 351, 363 (N.D. Ill. 2005) and *Cardenas v. Dorel Juvenile Grp., Inc.*, 230 F.R.D. 611, 618 (D. Kan. 2005).

Here, Defendant has satisfied its burden by describing the way Microsoft stores individual Teams messages with the inbox belonging to each specific custodian engaging in a Teams conversation, instead of storing them in separate threads. *See Deal Genius, LLC v. O2COOL, LLC*, Case No. , 2023 WL 3445759, at *2 n. 11 (N.D. Ill. May 8, 2023) (citing *The Sedona Principles, Third Edition: Best Practices, Recommendations & Principles for Addressing Electronic Document Production*, 19 Sedona Conf. J. 1, 118 (2018) "Principle 6 recognizes that a responding party is best situated to preserve, search, and produce its own ESI. Principle 6 is grounded in reason, common sense, procedural rules, and common law, and is premised on each party fulfilling its discovery obligations without direction from the court or opposing counsel, and eschewing 'discovery on discovery,' unless a specific deficiency is shown in a party's

production."). Therefore, it is inappropriate to compel Defendant to construct and produce entire threads of Teams conversations here.

Defendant also argues that the original production of the Teams correspondence that was produced so far is sufficient. However, Defendant fails to recognize that the nature of Teams conversations renders its rigid adherence to producing only those messages that are responsive to its search terms unpractical. "Keyword searches alone, without more advanced and thoughtful search techniques, will be inadequate for Teams data—a medium where conversations are shorter, more informal, and less likely to include full names than email." *Connie Kim v. Cushman & Wakefield U.S., Inc. et al.*, Case No. 2:25-cv-4783-CAS (SKx), 2026 WL 1353455, at *1 (C.D. Cal. Apr. 24, 2026). However, Plaintiff's proposed remedy of having Defendant produce all Teams correspondence is too broad. Here, it is proper to order Defendant to produce Teams messages exchanged on the same communication string on the day the communications at issue took place three days before and after the single communications already produced in order to provide context to those communications. *See Deal Genius, LLC v. O2COOL, LLC*, No. 21 C 2046, 2023 WL 2299977, at *3 (N.D. Ill. Feb. 13, 2023). Such a remedy provides the context that Plaintiff seeks while maintaining the bounds of relevant discovery so that it will not be unduly burdensome for Defendant to produce this additional correspondence.

Finally, Defendant has not explained why the Plaintiff should not have the unredacted Teams conversations of threads Defendant has already constructed. Defendant argues that its redactions of the conversations found in in these specific

15

threaded Teams conversations are proper based on them being: overly broad, unduly burdensome, vague, ambiguous, and seeking information not proportional to the needs of this case. Defendant does not elaborate further on its objections, and so they are deemed waived. A party's "reflexive invocation of the same baseless, often abused litany " of discovery objections in response to a discovery request that is not stated with specificity is waived. *McGrath v. Everest Nat. Ins. Co.*, 625 F. Supp. 2d 660, 670-71 (N.D. Ind. 2008). Accordingly, the threaded Teams conversations must be produced in their entirety.

### c. Motion to File Under Seal [DE 37]

Plaintiff requests that the Court maintain the motion to compel, exhibits, and memorandum in support of the motion, under seal in accordance with the protective order entered earlier in this case.

"It is true that pretrial discovery, unlike the trial itself, is usually conducted in private." *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944-45 (7th Cir. 1999) (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984)). However, the public "has an interest in what goes on at all stages of a judicial proceeding" that can only be overridden if the movant requesting a seal shows that good cause exists to do so. *Id.* at 945 (internal citations omitted). "The Seventh Circuit routinely discourages the sealing of entire pleadings and briefs." *In re Bank One Sec. Litig.*, 222 F.R.D. 582, 587 (N.D. Ill. 2004) (citing *Pepsico, Inc. v. Redmond,* 46 F.3d 29, 30 (7th Cir. 1995); *In re Krynicki,* 983 F.2d 74, 75 (7th Cir. 1992)). Further, a party seeking the protection of a trade secret "must attempt to 'winnow out properly confidential information' in order

16

to justify sealing and to show good cause." *Id.* at 588 (quoting *Plair v. E.J. Brach & Sons, Inc.,* No. 94 C 244, 1996 WL 67975, at *5 (N.D. Ill. Feb. 15, 1996)). The moving party also bears the burden of showing that disclosure of the information it seeks to seal will result in injury and provide support as to why that is the case. *Id.* (citing *Baxter Int'l Inc. v. Abbott Labs.,* 297 F.3d 544, 547 (7th Cir. 2002)).

Plaintiff maintains that it is appropriate to maintain the motion to compel, exhibits, and memorandum in support of the motion under seal because these filings are subject to the stipulated protective order entered earlier in this case [DE 32]. [DE 37 at 2-3]. Defendant argues that Plaintiff's request is too broad and that Plaintiff has failed to file corresponding public versions of these filings, as directed by the stipulated protective order. [DE 41 at 14-15]. However, Defendant agrees that some portions of Plaintiff's filings should be sealed.

In turn, Plaintiff argues that providing a copy of the motion and brief with Defendant's proposed redactions would render it unintelligible. [DE 42 at 18]. However, Plaintiff does not offer an alternative proposal as to what redactions would be appropriate in lieu of what Defendant presents. Further, Plaintiff explains that the filings were sealed in their entirety as to avoid inadvertent disclosure and another potential report of an ethical charge from Defendant's counsel against Plaintiff's counsel to the Indiana Disciplinary Commission, which was subsequently dismissed by the Commission. [DE 42 at 18-19].

Here, Plaintiff has not met its burden of showing that the entirety of its motion to compel, exhibits, and memorandum in support of the motion warrant being maintained

17

under seal. *In re Bank One Sec. Litig.*, 222 F.R.D. at 588. Further, Plaintiff has not met its burden of showing how unsealing these filings will result in injury and has not provided the specific support required. *Id.* (citing *Baxter Int'l Inc.,* 297 F.3d at 547). Also, because Teams messages are a novel form of electronic communication, the limited unsealing and redaction of Plaintiff's motion to compel and supporting filings benefits other litigants and courts in resolving analogous discovery disputes.

Further, Plaintiff's concerns regarding harm that may result from unsealing are mitigated by following Defendant's request as to what portions of Plaintiff's filings should remain under seal. Defendant's proposal as to what portions of the filings should remain sealed and what portions of the filings should only contain the appropriate redactions is specific enough for the right of public to have access to judicial proceedings to be preserved. *Bond v. Utreras*, 585 F. 3d 1061, 1075 (citing *Seattle Times,* 467 U.S. at 33 & n. 19).

Finally, Plaintiff does not argue against Defendant's proposed redactions and proposals as to which of Plaintiff's exhibits should remain under seal. Therefore, the Court adopts Defendant's proposed redactions and directs Plaintiff to file a redacted copy of its motion to compel and memorandum it filed in support of its motion.

### d. Motion for Extension of Scheduling Deadlines [DE 43]

The parties also dispute whether an extension of certain deadlines found in the Court's Rule 16(b) Scheduling Order is proper here. The deadlines found in the Court's scheduling order can only be extended for good cause. Fed. R. Civ. P. 16(b)(4); *Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 593 (7th Cir. 2012). The good cause standard

"primarily considers the diligence of the party seeking amendment." *Empress Casino Joliet Corp. v. Balmoral Racing Club, Inc.*, 831 F.3d 815, 831 (7th Cir. 2016) (quoting *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005)). Good cause exists when a movant shows that "despite [its] diligence the time table could not have reasonably been met." *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995). Further, courts have authority to control the flow of cases on their dockets as necessary to facilitate economy of time, expense, and effort for itself, counsel, and litigants. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936).

The Court finds that there is good cause for an extension because of the parties' pending disputes over discovery. Although, the motion was filed before the parties' agreed deadline for fact discovery had already passed, Plaintiff specifically requests relief in the form of additional time to review any document production it may obtain based on the relief requested in its motion to compel, which was filed before discovery was set to close. Accordingly, Plaintiff's motion will be granted over Defendant's objection.

## IV.   DISCOVERY SANCTIONS UNDER RULE 37(A)

Consistent with the mandate set forth in Rule 37(a)(5)(A), the Court "must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion [to compel] . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." However, "the court must not order this payment if "the opposing party's nondisclosure, response, or objection was substantially justified; or other circumstances make an award of expenses unjust." *Id.* Here, Defendant's

objections were substantially justified and other circumstances, including Plaintiff's failure to follow good-faith certification requirements, make an award of expenses and attorneys' fees unjust. The Court therefore **DECLINES** to award Plaintiff its reasonable expenses incurred in filing the motion to compel.

## V.   CONCLUSION

Accordingly, Plaintiff's Motion to Compel Discovery Production is **GRANTED in PART** and **DENIED in PART**. [DE 38]. Defendant must produce all Teams messages that were sent three days before and after the Bates labeled messages found in Plaintiff's amended Third Requests for Production Nos. 112 and 113 by each custodian and in response to each custodian of the message. Defendant must also produce unredacted copies of Exhibits Nos. 13, 16, and 17 [DEs 38-16, 38-19, 38-20] to Plaintiff, and unredacted copies of any other threaded Teams conversations that contain Teams messages identified in Plaintiff's amended Third Requests for Production Nos. 112 and 113 or produced by Defendant in volume 11 of its discovery production. All other relief requested by Plaintiff in its motion to compel is denied.

Plaintiff's Motion to File Under Seal is **GRANTED in PART**. [DE 37] The Clerk is **DIRECTED** to retain the requested documents under seal. [DE 38-1, DEs 38-15 through 38-20]. Further, the Court **DIRECTS** the Clerk to **UNSEAL** Plaintiff's Motion to Compel [DE 38], and Exhibits 1-11, and 18 thereto [DEs 38-4 through 38-14, DE 38-21]. Plaintiff is ordered to file its proposed redacted memorandum in support of its motion to compel in place of the Memorandum in Support of Plaintiff's Motion to Compel Discovery Production [DE 38-1] **INSTANTER**, but no later than **August 14, 2026**.

20

Finally, the Court **GRANTS** Plaintiff's Motion for Extension on Deadline for Expert Reports over Defendant's reasonable objection, based on good cause shown, as required by Fed. R. Civ. P. 16(b)(4). [DE 43]. The Court's Rule 16(b) Scheduling Order [DE 16 *as amended by* DEs 30, 34, 36] is **FURTHER AMENDED** based on the relief granted in response to Plaintiff's motion to compel above, on the Court's own motion, as follows:

- Fact discovery is to be completed by **August 28, 2026;**

- The deadline for service of expert reports is **October 1, 2026**;

- The deadline for service of rebuttal expert reports is **November 27, 2026**;

- The deadline for discovery-related nondispositive motions is **December 29, 2026**;

- All discovery is to be completed by **January 26, 2027**;

- Mediation is to be completed by **February 10, 2027**; and

- Dispositive motions are to be filed by **December 29, 2026**.

As Defendant has noted, the Court has already advised the parties that further extension requests would not be considered favorably. Consistent with the mandate of Fed. R. Civ. P. 1, the parties should anticipate that any future requests to modify these Rule 16(b) deadlines will not be granted absent a showing of extraordinary circumstances beyond the control of the parties and their inability to negotiate those circumstances in the exercise of due diligence.

      **SO ORDERED** this 15th day of July 2026.

s/Scott J. Frankel
Scott J. Frankel
United States Magistrate Judge