# EXHIBIT A

**Salman, Alishah (Ali) C.**

| | |
|---|---|
| **From:** | Michael Marston <mmarston@bhlawyers.net> |
| **Sent:** | Monday, October 26, 2026 1:20 PM |
| **To:** | G. Thomas Williams |
| **Cc:** | Angela Kelver Hall; Andrea R. Jacobson; Andrew J. Chabot; Shawnna Holmquist |
| **Subject:** | Document Designation |
| **Attachments:** | DEXTER69851 - Valcrum is synonymous with a quality Dexter upgrade (9.20.2022).pdf; DEXTER069994 - Valcrum is synonymous with a quality Dexter upgrade right now (9.20.20220).pdf; DEXTER108640 - Dexter thickened up the decorative ring to match valcrum (11.11.2022).pdf; DEXTER062825-Lievore wants to beef up the decorative ring to make it more like the valcrum cap(11.10.2022).pdf |

Tom,

Upon review of Volumes 13-16, which consisted of more than 55,000 documents, including sweeping and inconsistent designations of "Attorney's Eyes Only" and thousands of pages of "gifs" produced frame-by-frame, we are better able to assess the documents in question and your characterizations of your client's deposition testimony. In short, we do not agree with the position you have taken regarding the disclosure of documents that will be useful to the USPTO to make an informed decision regarding registration, and we are asking you to reconsider your refusal to allow Valcrum the opportunity to present several documents to the USPTO in support of Valcrum's application. We would like your permission to disclose the following documents to the USPTO: DEXTER55281; DEXTER55338; DEXTER62825; DEXTER69851; DEXTER69994; DEXTER108640. These documents show that marketing chose red because Valcrum did it that way. Contrary to your representations, that is a trademark and trade dress issue that we have only been able to discover due to our persistent efforts to obtain compliance with the discovery rules. While you claim that your client’s depositions show that the communications in question do not pertain to any trademark or trade dress matter, this is not an accurate characterization of the legally significant facts. It is noteworthy that we did not have the documents in question before the depositions you reference, which diminished the utility of those depositions.

As you can see from reviewing each of these documents, they are evidence that your client copied "the look" of the Valcrum and that Dexter, a direct competitor, recognized the marketing value of Valcrum's "look." Frankly, we do not understand how an independent observer could write this off as "insignificant" to trademark or trade dress. The fact that you designate something as Confidential or "Attorney's Eyes Only" is not sufficient to outweigh the public right to disclosure, as the Court made clear before it would accept our joint proposed Protective Order and as is abundantly clear from readily available case law. Additionally, it is apparent that there are no substantive reasons between communications designated “Attorney’s Eyes Only” and those marked with “Confidential” designations. We have received no change from your position stated in your email dated March 4, 2026, claiming that the designations are fine as they are.

We understand that you are not likely to agree to our proposal, but we wanted to make additional efforts to resolve this matter before asking the assistance of the Court. We do not anticipate that you will readily agree that your client intentionally copied Valcrum's distinctive "decorative ring," but this cannot be a prerequisite to disclosure of documents that are likely to be highly relevant to the USPTO application process. We are providing proposed redacted copies attached to this email that we believe adequately address your objections, though we still dispute the validity of those objections.

We remain willing to discuss this matter further with you in a good faith attempt to resolve these matters without the assistance of the Court. Please let us know when you have time Tuesday or Wednesday to discuss this.

Michael D. Marston
Botkin & Hall, LLP
1003 Hickory Road
South Bend, Indiana 46615
Phone (574) 234 3900
mmarston@bhlawyers.net